JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WAYNE H. HANSON, | ) | 2:08-cv-02149-FMC-MANx |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | JUDGMENT |
| | ) | |
| VELTEX CORPORATION, JAVEED MATIN, TANZILA SULTANA, SAASHA CAMPBELL, MAZHAR HAQUE, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court on Plaintiff's Motion to Extend Sanction and the Order of the Court, entered on February 18, 2009, directing the Defendants to appear and show cause why the ultimate sanction of termination should not be entered against them and judgment entered for Plaintiff for the amount sought in the Complaint and all subsequent monetary orders of the Court. The Court having considered the submissions of the Defendants and the Plaintiff in writing and in open court, and having considered the pleadings and orders filed herein, makes the following findings:

1. On April 1, 2008, Plaintiff Wayne H. Hanson ("Hanson") filed his Complaint against Defendants Veltex Corporation ("Veltex"), Javeed Matin ("Matin"), Tanzila Sultana ("Sultana"), Saasha Campbell ("Campbell"), and Mazhar

1  Haque ("Haque"). Hanson alleged therein claims for (a) breach of promissory note against Veltex and Matin, (b) fraud against Veltex and Matin, (c) securities fraud against Matin, Campbell and Haque, and (d) injunctive relief under the California fraudulent conveyance statute against all the defendants Matin, Campbell, Haque and Sultana.

2. On April 4, 2008, the Court entered a Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue Pending Trial. Pursuant to this Temporary Restraining Order the Defendants were ordered to provide certain accountings, make certain disclosures of receipts and expenditures of Veltex and deposit the receipts of Veltex to its Corporate Account.

3. On April 24, 2008, the Court entered Preliminary Injunction against Defendants granting Plaintiff the same relief as in the Temporary Restraining Order. Specifically the individual Defendants were prohibited from diverting the assets of Veltex to their own use and all defendants were ordered to provide certain accountings, make certain disclosures of receipts and expenditures of Veltex and deposit the receipts of Veltex to its Corporate Account.

4. In response to a Motion by Plaintiff supported by various declarations and other evidence, on June 10, 2008, the Court entered an Order to Show Cause Why Defendants Should Not Be Held in Contempt for Failure to Comply with the Preliminary Injunction.

5. On July 15, 2008, following the submission of additional declarations and evidence by Plaintiff showing the diversion of Veltex assets, the Court entered an Order imposing certain sanctions on the Defendants for failure to comply with the Court's Preliminary Injunction. Specifically, the Court entered monetary awards to Hanson of Fifty Thousand Dollars ($50,000) for Defendants' past violation of the Preliminary Injunction and One Thousand Dollars ($1,000) per day for their continued violations of it.

6. On August 29, 2008, after additional declarations and evidence of the

1 individual Defendants' violation of the Preliminary Injunction, the Court found the
2 individuals in continued contempt of the Court's earlier order and ordered them to
3 purge themselves of contempt within thirty days by the delivery of certain things to
4 Plaintiff and the payment of the monetary sanctions previously entered by the Court.

5     7.    On November 3, 2008, after a series of evidentiary hearings in October,
6 the Court found Defendant Matin in contempt of the Court's earlier order, including
7 the Preliminary Injunction, and ordered his incarceration.

8     8.    As demonstrated in Plaintiff's Motion to Extend Sanctions and the
9 accompanied Declaration, Matin has continued to defy the Preliminary Injunction
10 and the Court's earlier orders, despite all the previous actions of the Court to obtain
11 compliance.  Among other things, the Defendant has continued to convert assets of
12 Veltex to his own use.

13     9.    Defendant has failed to show any excuse or justification for his
14 violations of the Court's Orders.

15 THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED
16 THAT:

17     A.    The default of Defendants Javeed Matin and Veltex Corporation is
18 entered, and Judgment is entered in favor of Plaintiff Wayne H. Hanson and against
19 Javeed Matin and Veltex Corporation on the issue of liability under the First Claim
20 for Relief in Hanson's Complaint for breach of the promissory note;

21     B.    Judgment is entered in favor of Plaintiff Wayne H. Hanson and against
22 Javeed Matin on the issue of liability under the Second Claim for Relief in Hanson's
23 Complaint for common law fraud;

24     C.    Judgment is entered in favor of Plaintiff Wayne H. Hanson and against
25 Javeed Matin, on the issue of liability under the Third Claim for Relief in Hanson's
26 Complaint for securities fraud in violation of Sections 12(2) and 17(a) of the
27 Securities Act of 1933, 15 U.S.C. §§ 77l(2) and 77q and Section 10b-5 of the
28 Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b-5 promulgated

hereunder, 17 C.F.R. § 124.10b-5.

D. Judgment is entered in favor of Plaintiff Wayne H. Hanson and against Javeed Matin on the issue of liability under the Fourth Claim for Relief in Hanson's Complaint for fraudulent conveyances in violation of California Uniform Fraudulent Transfer Act, California *Civil Code* § 3409.01, *et seq.*;

E. Compensatory damages are awarded Plaintiff Wayne H. Hanson against Defendants Javeed Matin and Veltex Corporation for the sum of One Hundred Forty-Three Thousand Dollars ($143,000) on the First, Second, and Third Claims for Relief of Hanson;

F. Punitive damages are awarded Plaintiff Wayne H. Hanson against Javeed Matin on the Second and Third Claims for Relief of Hanson in the amount of One Hundred Thousand Dollars ($100,000).

G. Pursuant to Section 7 of the Uniform Fraudulent Transfer Act, California *Civil Code* § 3439.07, Defendant Javeed Matin is ordered to disgorge to Veltex Corporation any cash or assets of Veltex which were secreted and converted to his own use since the entry of the Temporary Restraining Order on April 4, 2008.

H. The action is dismissed as to Defendants Saasha Campbell, Mazhar Haque and Tanzila Sultana.

I. Jaak Olesk is relieved as counsel for Veltex Corporation.

J. Counsel for Plaintiff may apply for an award of fees and costs.

DATED this 12th day of March 2009.

FLORENCE-MARIE COOPER
United States District Court Judge